**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| DAVU CAREY, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | JUDGE |
| v. | ) | |
| | ) | Magistrate |
| The VILLAGE OF HAZEL CREST, Illinois, a municipal corporation, Hazel Crest Police Officers DESHAWN JACKSON (#206) and KEVIN GLENN, | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES Plaintiff DAVU CAREY (hereinafter referred to as "Plaintiff"), by and through his attorneys, ANDREW STROTH, ACTION INJURY LAW GROUP, LLC, and JULIAN JOHNSON, THE LAW OFFICE OF JULIAN JOHNSON, LLC, for Plaintiff's Complaint and Jury Demand against Defendants KEVIN GLENN, DESHAWN JACKSON and the VILLAGE OF HAZEL CREST, Illinois, a municipal corporation, states as follows:

**JURISDICTION & VENUE**

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331 and §1367.

3. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted in this Complaint occurred within this district.

## PARTIES

4. Plaintiff, DAVU CAREY, is a resident of Hazel Crest, Illinois.

5. At all relevant times, Defendants KEVIN GLENN and DESHAWN JACKSON were VILLAGE OF HAZEL CREST Police Officers, employed by Defendant VILLAGE OF HAZEL CREST, acting under color of law and within the course and scope of their employment.

6. Defendant VILLAGE OF HAZEL CREST is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of the incident in this case, was the employer and principal of Defendants KEVIN GLENN and DESHAWN JACKSON. Should Plaintiff prevail on his claims, Defendant VILLAGE OF HAZEL CREST must indemnify Defendants KEVIN GLENN and DESHAWN JACKSON on Plaintiff's claims pursuant to 735 ILCS 10/9-102.

## FACTS

7. On January 14, 2020, Plaintiff, a minor at the time, and his father exited their home in Hazel Crest to travel to a nearby store.

8. As Plaintiff and his father were entering their vehicle, they observed Defendants GLENN and JACKSON traveling down their street in a police vehicle looking in the direction of Plaintiff and his father.

9. Plaintiff and his father entered their vehicle and Plaintiff's father proceeded to drive to the nearby store.

10. Defendants GLENN and JACKSON followed Plaintiff and his father as they drove.

11. Plaintiff's father committed no traffic violations and broke no laws as he drove to the store.

12. Plaintiff's father pulled into the parking lot of the store.

13. Defendants GLENN and JACKSON pulled their vehicle behind Plaintiff's father's vehicle.

14. Defendants GLENN and JACKSON approached Plaintiff's father's vehicle.

15. Defendant GLENN went to the driver's side window and spoke to Plaintiff's father and Defendant JACKSON went to the front passenger side window where Plaintiff was seated.

16. Defendant JACKSON told Plaintiff to exit the vehicle.

17. Plaintiff had committed no crime.

18. Plaintiff's father asked Defendant JACKSON not to speak to his minor son.

19. Plaintiff exited the vehicle upon which he was immediately told to turn around and face the vehicle by Defendant JACKSON.

20. Plaintiff complied with Defendant JACKSON'S order and turned and faced the vehicle.

21. Defendant JACKSON became physically aggressive with Plaintiff and began to push Plaintiff against the car.

22. Plaintiff was placed in handcuffs by Defendant JACKSON.

23. While handcuffed and still standing facing the vehicle, Defendant JACKSON continued to be physically aggressive towards Plaintiff.

24. Defendant GLENN joined Defendant JACKSON at the passenger side where Defendant JACKSON was with Plaintiff.

25. Defendants JACKSON and GLENN slammed Plaintiff to the ground for no reason.

26. Before being slammed to the ground, Plaintiff displayed no signs of resisting or physical combativeness.

27. Defendants JACKSON and GLENN proceeded to place their knees into the back of Plaintiff after slamming him to the ground.

28. Defendants JACKSON and GLENN fractured Plaintiff's elbow when they violently slammed him to the ground.

29. Plaintiff screamed in pain and told Defendants JACKSON and GLENN that he was injured and needed medical attention.

30. Seeing that his son was seriously injured and in pain, Plaintiff's father asked that an ambulance be called for his son.

31. Defendants JACKSON and GLENN ignored both Plaintiff and his father and did not call for an ambulance after Plaintiff was injured and, on the ground, requesting to be taken to the hospital.

32. At some point later, an Unknown Hazel Crest Police Supervisor arrived on the scene.

33. Plaintiff and his father complained to the Unknown Hazel Crest Police Supervisor that Plaintiff was injured and needed medical attention.

34. The Unknown Hazel Crest Police Supervisor called for an ambulance and Plaintiff was transported to the hospital.

35. Defendants GLENN, JACKSON, and other Unknown Hazel Crest Police Officers would not allow Plaintiff's father to accompany his minor son to the hospital.

36. Defendants GLENN, JACKSON, and other Unknown Hazel Crest Police Officers denied Plaintiff's father access to Plaintiff for several hours while he was being treated at the hospital.

37. Defendants GLENN and JACKSON fabricated police reports stating that Plaintiff struck Defendant JACKSON and tried to flee the scene.

38. Plaintiff never struck any officer, nor did Plaintiff attempt to flee.

39. Defendants GLENN and JACKSON falsely arrested Plaintiff for resisting arrest and aggravated battery to a police officer.

40. Defendants GLENN and JACKSON fabricated the charges against Plaintiff to justify and coverup their excessive force and wrongful conduct.

41. Defendants GLENN and JACKSON knew these charges were false and proceeded forward with Plaintiff's prosecution anyway.

42. Plaintiff suffered serious physical injuries as a result of the excessive force inflicted upon him by Defendants GLENN and JACKSON as well as emotional injuries.

**COUNT I**
**42 U.S.C. § 1983 – Excessive Force**
**Against Defendants GLENN and JACKSON**

43. Each of the foregoing paragraphs is incorporated as if fully restated herein.

44. As described in the above paragraphs, Defendants GLENN and JACKSON used excessive force against Plaintiff, thus violating his rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. Section 1983.

45. The actions of Defendants GLENN and JACKSON were intentional and committed with reckless disregard for Plaintiff's rights.

46. As a direct and proximate consequence of Defendants GLENN and JACKSON'S misconduct, Plaintiff suffered damages, including emotional distress, pain and suffering and, monetary expense.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**COUNT II**
**42 U.S.C. § 1983 – False Arrest**
**Against Defendants Glenn and Jackson**

47. Plaintiff realleges and incorporates paragraphs 1-42 as fully stated herein.

48. Defendants GLENN and JACKSON arrested Plaintiff without probable cause.

49. Defendants GLENN and JACKSON fabricated police reports stating that Plaintiff struck Defendant GLENN and resisted arrest.

50. Defendants GLENN and JACKSON undertook this misconduct intentionally and violated Plaintiff's Fourth Amendment rights.

51. As a result of the misconduct described in this Count, Plaintiff suffered loss of liberty and other damages, which will be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**COUNT III**
**42 U.S.C. § 1983 – Conspiracy**
**Against Defendants Glenn and Jackson**

52. Plaintiff realleges and incorporates paragraphs 1-42 as fully stated herein.

53. As described more fully above, Defendants GLENN and JACKSON reached an express or implied agreement to violate Plaintiff's constitutional rights as described in the preceding paragraphs.

54. In furtherance of the conspiracy, each of the co-conspirators committed overt acts or omissions and was an otherwise willful participant in joint activity.

55. The misconduct described in this Count was undertaken with willfulness or reckless indifference to the rights of Plaintiff.

56. As a direct and proximate consequence of Defendants GLENN and JACKSON'S conduct, Plaintiff suffered damages, including emotional distress, pain and suffering and, monetary expense.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**COUNT IV**
**42 U.S.C. § 1983 – Fourth Amendment Inadequate Medical Care**
**Against Defendants Glenn and Jackson**

57. Plaintiff realleges and incorporates paragraphs 1-42 as fully stated herein.

58. As described in the above paragraphs, Defendants GLENN and JACKSON were put on notice of Plaintiff's medical needs.

59. Plaintiff's medical need was of a serious nature that required immediate medical attention and Defendants GLENN and JACKSON'S actions in delaying getting Plaintiff medical treatment were objectively unreasonable.

60. Defendants GLENN and JACKSON knew that their actions would cause Plaintiff harm.

61. Said actions of Defendants JACKSON and GLENN were intentional and committed with reckless disregard for Plaintiff's rights.

62. As a direct and proximate consequence of Defendants GLENN and JACKSON'S misconduct, Plaintiff suffered damages, including emotional distress, pain and suffering and, monetary expense.

**WHEREFORE**, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

## COUNT V
## Indemnification
## Against the Village of Hazel Crest

63. Each of the foregoing paragraphs is incorporated as if fully restated herein.

64. At all relevant times, Defendant Village of Hazel Crest was the employer of the Individual Defendants.

65. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the course and scope of their employment activities.

66. Defendants GLENN and JACKSON committed the alleged acts under the color of law and in the course and scope of their employment with the Village of Hazel Crest.

67. As a proximate cause of Defendants GLENN and JACKSON'S unlawful acts, which occurred within the course and scope of their employment activities, Plaintiff suffered physical, monetary, and emotional injuries.

**WHEREFORE,** should the Individual Defendants be found liable, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

**DATED**: January 15, 2021

Respectfully Submitted,

DAVU CAREY, Plaintiff

By: /s/ Julian Johnson
One of Plaintiff's Attorneys

Julian Johnson
The Law Office of Julian Johnson, LLC
55 East Monroe Street, Suite 3800
Chicago, Illinois 60603
Phone: 312-487-1711
julian@julianjohnsonlaw.com

Andrew M. Stroth
Action Injury Law Group, LLC
191 N. Wacker Drive, Suite 2300
Chicago, Illinois 60606
Phone: 312-721-2444
astroth@actioninjurylawgroup.com